UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jose Olivas Montoya, #27306-051, | ) | C/A No. 3:08-1002-GRA-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Warden LaManna, FCI Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

<u>Introduction</u>

The petitioner, Jose Olivas Montoya, proceeding *pro se*, brings this action pursuant to 28

U.S.C. § 2241 for habeas relief.[1]  Petitioner is an inmate at the federal correctional institution located

in Edgefield, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.

This action should be re-characterized as a § 2255 habeas petition and transferred to the United

States District Court for the District of New Mexico.[2]

<u>*Pro Se* and *In Forma Pauperis* Review</u>

Under established local procedure in this judicial district, a careful review has been made

of the *pro se* petition filed in the above-captioned case.  The review was conducted pursuant to the

procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of

1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v.*

*Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*,

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

[2] Contemporaneous with this Report and Recommendation, the undersigned enters an Order which directs that service of process is *not* authorized.

404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this Court is charged with screening the plaintiff's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases.

<u>Discussion</u>

The petitioner alleges that he was convicted and sentenced in the United States District Court of New Mexico for "illegal re-entry which was based on a prior deportation after a conviction of a Residential Burglary." A review of *United States v. Olivas-Montoya*, 2:06-cr-00394-JAP (D.N.M. 2006)[3], demonstrates that the petitioner pled guilty on 2-23-2006 to violating 8 U.S.C. § 1326(a)(1) and (2), and 8 U.S.C. § 1326(b)(2), by reentry into the United States by an alien after having been

---

[3] This Court was able to review the docket and records contained therein via the Public Access to Court Electronic Records (PACER) service for the United States Courts.

convicted of an aggravated felony and thereafter deported, and that on 7-21-2006 he was sentenced to 70 months imprisonment. The petitioner filed a direct appeal, No. 06-2222, to the Tenth Circuit Court of Appeals which affirmed his case and issued the mandate on 2-26-2007.[4] The PACER records and this § 2241 petition do *not* reveal whether the petitioner filed a habeas petition pursuant to 28 U.S.C. § 2255 in the District Court of New Mexico.

The petitioner filed this habeas action pursuant to 28 U.S.C. § 2241. A § 2241 petition generally challenges the execution or implementation of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers. *Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780 at *4 (D.S.C. 2006). A writ under § 2241 by a federal prisoner must be brought against the warden of the facility where the prisoner is being held, and a court may only issue a writ if it has jurisdiction over the custodian. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); 28 U.S.C. § 2241(a). Because the petitioner is incarcerated in the District of South Carolina and his warden is LaManna, this § 2241 petition was properly filed in this Court.

The core issue in this case is whether the petitioner's claims are cognizable under § 2241. The petitioner begins his "ground one" by alleging, "I was deported wrongfully in violations (sic) of my Rights." Compl. at 3. In "ground two" he alleges, "I now have the proper documentation that will prove my innocence on the Ilegal (sic) Re-entry into the UNITED STATES...." Compl at 4. In "ground three" he alleges, "I just wish you would take the time and let me prove to you that I was wrongfully deported and that I have proper documentation to prove it." *Id.* This Court further

---

[4] This Court was able to review the docket and records contained therein via the Public Access to Court Electronic Records (PACER) service for the United States Courts.

gleans from the complaint that the petitioner claims to have paperwork which will show that his grandfather was an American Indian and his father is a U.S. citizen and that the petitioner desires an opportunity to obtain his U.S. citizenship. His logic seems to be that he was wrongfully deported because he should have been, or should be, designated a U.S. citizen and that his re-entry into the U.S. cannot be illegal if he should be a U.S. citizen.

Each of these claims by petitioner is a collateral attack on an element of the offense of conviction. His claim that he was wrongfully deported attacks the element of "after deportation" and his claim that his re-entry was not illegal obviously attacks the element of "illegal re-entry." 28 U.S.C. § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. The statute provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. The petition clearly seeks to vacate his conviction entered in the District Court of New Mexico, and such a petition is more properly reserved for the sentencing court pursuant to § 2255. *See In re Vial*, 115 F.3d 1192 (4th Cir. 1997).

A petition under § 2241 is available for a federal prisoner to collaterally attack his conviction or sentence, however, when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see also Swain v. Pressley*, 430 U.S. 372, 381 (1977). The Fourth Circuit unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify

4

the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Nonetheless, the Court

concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible;

otherwise, the savings clause itself would be meaningless." *Id.* In only one scenario has the Fourth

Circuit deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme
> Court established the legality of the conviction; (2) subsequent to the prisoner's
> direct appeal and first § 2255 motion, the substantive law changed such that the
> conduct of which the prisoner was convicted is deemed not to be criminal; and (3)
> the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule
> is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. The facts alleged by the petitioner do not meet this criteria; thus, he is

precluded from relief under § 2241.

It is in the interest of justice to re-characterize this § 2241 habeas petition as a § 2255 habeas

petition and transfer this case to the District Court of New Mexico for several reasons: the AEDPA

one-year statue of limitations may be an issue; this Court is not aware that the petitioner previously

filed a § 2255 petition in the District Court of New Mexico; and the relief sought by the petitioner

is clearly within the scope of § 2255. A case may be transferred pursuant to 28 U.S.C. § 1406(a)

to "any district or division in which it could have been brought" if it is "in the interest of justice."

If this action is re-characterized as a § 2255 petition, the petitioner is hereby informed that any

subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255

motions.[5] Accordingly, the petitioner may withdraw his petition or amend it so that it contains all

---

[5] Before a petitioner may litigate a second § 2255 habeas petition, the "second or successive
motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals
to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a
whole, would be sufficient to establish by clear and convincing evidence that no reasonable
factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law,
made retroactive to cases on collateral review by the Supreme Court, that was previously

of the § 2255 claims that he believes he has.  *See United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008); *United States v. Castro*, 540 U.S. 375 (2003).  As explained on the last page of this Report and Recommendation, the petitioner is given ten (10) days to file objections to this Report and Recommendation, and the petitioner must also withdraw his petition or amend it so that it contains all of the § 2255 claims that he believes he has, if he chooses to do so, within the same ten (10) day deadline.[6]

<u>Recommendation</u>

Accordingly, it is recommended that the above-captioned case be re-characterized as a habeas petition pursuant to 28 U.S.C. § 2255 and transferred to the District Court of New Mexico. *See* 28 U.S.C. § 1406(a); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214.  ***The petitioner's attention is directed to the important notice on the next page.***

Joseph R. McCrorey
United States Magistrate Judge

April 8, 2008
Columbia, South Carolina

---

unavailable.  28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244 (regarding the finality of determination).

[6] Nothing in this Report and Recommendation prohibits the District Court of New Mexico from granting the petitioner more time to amend his § 2255 petition.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).